

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 26, 1974

The Honorable Charles R. Barden, P. E.
Executive Secretary
Texas Air Control Board
820 East 53rd Street
Austin, Texas 78751

Opinion No. H- 241

Re: Application of Article
6252-17a, House Bill 6, 63rd
Leg., to files of the Texas
Air Control Board

Dear Mr. Barden:

Your opinion request concerns the applicability of Article 6252-17a, V. T. C. S., the Open Records Act of 1973, to "a written recommendation, made following an investigation, from a Regional Supervisor of the Texas Air Control Board to a permit engineer regarding whether a particular construction permit. . . should be issued. . . ."

You ask (1) whether § § 3(11) and/or 3(3) of the Open Records Act apply to such documents so as to except them from public inspection under the Act, and (2) whether the fact that no decision has been reached on whether to grant or deny a permit would make any difference as to the applicability of either section to these documents.

Before considering the applicability of the Open Records Act to the records described in your letter, we must first consider whether such records are made public by other legislation, for we do not believe that the Open Records Act of 1973 operates to repeal or nullify other legislation making information public.

The activities of your board are controlled by the Texas Clean Air Act, Article 4477-5, V. T. C. S. Sections 1. 07 and 2. 13 of that Act provide:

> Section 1. 07
> "Information submitted to the board relating to
> secret processes or methods of manufacture or

> production which is identified as confidential
> when submitted shall not be disclosed by any
> member, employee, or agent of the board. "
>
> Section 2.13
> "All information documents and data collected
> by the board in the performance of its duties are
> the property of the state.   Subject to the limitation
> of Section 1. 07 of this Act, all records of the
> board are public records open to inspection by any
> person during regular office hours. "

The language of § 2.13 above, that "all records of the board are public records", is very broad and we believe it clearly applies to the documents described in your opinion request regardless of whether a decision has been reached on whether to grant or deny the permit.   Accordingly, it is our opinion that the documents described in your letter are public information without reference to the Open Records Act and that the legislation making them public information is not repealed or effected by the Open Records Act.

You also requested that we review Opinion No. M-957 (1971) which addressed itself to the question:  "Does the Texas Air Control Board or the Executive Secretary have discretion over which items and matters are to be deemed 'confidential information' and 'public records' as those terms are used in Sections 1. 07 and 2.13 of the Texas Clean Air Act? ".   That opinion contained an analysis of various types of "records" and concluded that "files on matters under investigation for violation of the Texas Clean Air Act" are "evidence or potential evidence for an enforcement action pursuant to Section 4. 02 of the Act" and are "not open to inspection by the public. "  The recommendations described in your present opinion request do not appear to be in this category and, accordingly, Opinion No. M-957 is not pertinent to your inquiry and we are not called upon to overrule or affirm it.   You have asked whether the distinctions made in the analysis in Opinion M-957 are still valid and our answer is that we are not in a position to hypothetically discuss distinctions without reference to particular documents.

## SUMMARY

A written recommendation by a regional supervisor
of the Texas Air Control Board to a permit engineer regarding
whether a particular construction permit should be issued is
a public record.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee